Oscar LOHR, Appellant,

v.

COBUR CORPORATION, et al., Respondents.

No. 64021.

Supreme Court of Missouri, En Banc.

Aug. 16, 1983.

Morris E. Stokes, Jack J. Gilbert, St. Charles, for appellant.

Harold A. Thomas, Jr., Timothy K. Kellett, St. Louis, for respondents.

DONNELLY, Judge.

Appellant Oscar Lohr brought this action to quiet title to certain property purchased by Collector's Deed at a tax sale. The sale was conducted pursuant to Chapter 140, RSMo 1969 (the Jones-Munger Act), by the Collector of Revenue of St. Louis County. Defendant Pioneer Bank & Trust Company and its trustee Powers filed a counterclaim to declare their recorded first deed of trust on the property to be in full force and effect. The trial court granted Pioneer and Powers summary judgment on Lohr's petition and their counterclaim on the ground that the notice provisions of Chapter 140 as applied in this case are unconstitutional. Because this action involves the validity of a statute, it is within the exclusive appellate jurisdiction of this Court. Mo. Const. art. V, § 3.

This is the second appeal in this case. In a prior appeal, in *Lohr v. Cobur Corp.*, 622 S.W.2d 270 (Mo.App.1981), the Court of Appeals, Eastern District, reversed an earlier judgment of the trial court that the sale was defective for failure strictly to comply with the requirements of Chapter 140, RSMo 1969. The case was remanded for a ruling on the constitutionality of the notice requirements prescribed by that chapter. The trial court found that §§ 140.150 and 140.170 were unconstitutional as applied in this case because they did not provide a method of giving notice in such nonjudicial tax sales reasonably calculated to reach Pioneer and Powers, whose names and addresses were easily ascertainable and whose constitutionally protected interests were purportedly destroyed by the proceedings. Lohr appeals.

The facts are undisputed. At all times relevant to this proceeding, Cobur Corp. was owner of a certain tract of real property in St. Louis County. On June 1, 1971, Cobur Corp. executed and delivered a deed of trust on said property to Pioneer as security for a loan. Powers was named trustee. The deed of trust, containing the names and addresses of Pioneer and Powers, was recorded in the office of the St. Louis County Recorder of Deeds. An agreement modifying this loan was recorded later. The loan has not been repaid and the deed of trust not released.

In 1975, the Collector of Revenue of St. Louis County commenced proceedings to offer the Cobur property for sale for delinquent real estate taxes. Prior to January 1, 1970, such sales were accomplished by judicial proceedings. However, because of the expense, length, and complication of the procedures involved, the County Council of St. Louis County provided that after that

date the county would operate instead under the provisions of Chapter 140, RSMo 1969. Under Chapter 140, the proceedings preliminary to any sale of real property by the collector are administrative and non-judicial. Since January 1, 1970, the Collector of Revenue in St. Louis County has operated solely under the provisions of Chapter 140.

In 1975, 1976, and 1977, the Collector had published in the St. Louis Countian a notice of the "First Offering", "Second Offering", and "Third Offering" of sale of the property for delinquent real estate taxes. The published notices of the sale were in the name of Cobur Corp. only, and did not mention either Pioneer or Powers. The property was sold by the Collector to Lohr at the tax sale held on August 26, 1977, and a Collector's Deed was issued to Lohr. At no time was any effort made by the Collector to search the title of the property or run the records in the office of the Recorder of Deeds to determine if there were any deeds of trust on the real property to be sold. Neither Pioneer nor Powers was given notice by the St. Louis County Collector or anyone else at any time prior to the purported sale that a tax sale or any other procedure was contemplated that would in any way affect the continuing validity of the lien of the recorded deed of trust.

*Is the interest held by Pioneer, the deed of trust beneficiary, "property" protected by the Due Process Clause of the Fourteenth Amendment?*

In *Board of Regents v. Roth*, 408 U.S. 564, 576–77, 92 S.Ct. 2701, 2708–09, 33 L.Ed.2d 548 (1972), the United States Supreme Court said:

"The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits. These interests—property interests—may take many forms.

\* \* \* \* \* \*

To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims."

In *Security-First Nat. Bank of Los Angeles v. Rindge Land & Navigation Co.*, 85 F.2d 557, 561 (9th Cir.1936), the court said: "The right to retain a lien until the debt secured thereby is paid is a substantive property right which may not be taken from the creditor consistently with the Fifth and Fourteenth Amendments to the Constitution. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 594, 55 S.Ct. 854 [865], 79 L.Ed. 1593, 97 A.L.R. 1106."

More recently, in *Mennonite Board of Missions v. Adams*, —— U.S. ——, ——, 103 S.Ct. 2706, 2711, 77 L.Ed.2d 180 (1983), the United States Supreme Court stated that "a mortgagee possesses a substantial property interest that is significantly affected by a tax sale."

■ We conclude that the interest of a deed of trust beneficiary is a substantive property right protected by the Due Process Clause of the Fourteenth Amendment.

*In a tax sale situation, does notice by publication pursuant to § 140.170, RSMo 1969 satisfy due process?*

The seminal statement on the question is found in *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950): "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

At least prior to *Mullane*, notice of tax sales by publication in compliance with statutory requirements was sustained against contentions of violation of due process

clauses. This was done on the grounds that proceedings for the collection of taxes are in rem or quasi in rem, and owners or lienors of the land may be presumed, after assessment complying with due process, to know that the land will be sold for nonpayment of taxes. 72 Am.Jur.2d, State and Local Taxation, § 928 (1974). Prior to *Mullane,* service by publication was a normal means of service in actions in rem and quasi in rem. 4 C. Wright & A. Miller, Federal Practice and Procedure § 1074 at 297 (1969).

*Mullane,* however, explicitly rejected the characterization of a particular action as one in rem or in personam as a solution to questions of sufficiency of notice. The Court did not commit itself to any particular test for determining the form notice must take, but espoused the general principle that the notice be reasonably calculated, under all circumstances, to inform interested parties. It was content to suggest a balancing of the interests of the State against the individual interest sought to be protected by the Due Process Clause. 339 U.S. at 313–14, 70 S.Ct. at 656–57.

The Court gave further guidance in *Schroeder v. City of New York,* 371 U.S. 208, 212–13, 83 S.Ct. 279, 282, 9 L.Ed.2d 255 (1962):

"The general rule that emerges from the *Mullane* case is that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose legally protected interests are directly affected by the proceedings in question. 'Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.' 339 U.S., at 318, 70 S.Ct., at 659."

In *Greene v. Lindsey,* 456 U.S. 444, 451, 102 S.Ct. 1874, 1879, 72 L.Ed.2d 249 (1982), the Court stated:

"The sufficiency of notice must be tested with reference to its ability to inform people of the pendency of proceedings that affect their interests. In arriving at the constitutional assessment, we look to the realities of the case before us. In determining the constitutionality of a procedure established by the State to provide notice in a particular class of cases, 'its effect must be judged in the light of its practical application to the affairs of men as they are ordinarily conducted.' *North Laramie Land Co. v. Hoffman,* 268 U.S. 276, 283, 45 S.Ct. 491, 494, 69 L.Ed. 953 (1925)."

Most recently, in *Mennonite Board of Missions,* —— U.S. at ——, 103 S.Ct. at 2711, the Court held:

"When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagor's [sic] last known available address, or by personal service. But unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of *Mullane.*"

We conclude that where a deed of trust naming the deed of trust beneficiary is publicly recorded, notice by publication alone is insufficient and must be supplemented by notice mailed to the beneficiary's last known available address or by personal service.

The trial court found that the deed of trust containing the names and addresses of Pioneer and Powers was duly filed for record in the Office of the Recorder of Deeds of St. Louis County. Consequently, the tax sale was insufficient to extinguish the deed of trust, which remains in full force and effect.

The judgment is affirmed.

HIGGINS and GUNN, JJ., concur.

BLACKMAR, J., and HOUSER, Senior Judge, concur in separate opinions filed.

BILLINGS, J., concurs in separate opinion filed and concurs in separate concurring opinion of HOUSER, Senior Judge.

RENDLEN, C.J., concurs in result.

WELLIVER, J., not sitting.

BLACKMAR, Judge, concurring.

This case is controlled by *Mennonite Board of Missions v. Adams,* —— U.S. ——, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). There is no basis for distinguishing the conventional mortgage, which was employed in that case, from the deed of trust, which is customarily used in Missouri real estate transactions. Indiana, like Missouri, holds that one who lends on the security of real estate acquires only a lien, and not the legal title which is purportedly transferred.

The names of defendants-respondents Thomas J. Powers, trustee and of Pioneer Bank and Trust Company, *cestui que trust* (lender) were available in the office of the recorder of deeds. The trial court, in granting summary judgment in their favor, found that their addresses were "easily ascertainable," and the appellant does not dispute this finding. The tax sale proceedings, then, were not sufficient to cut off their interests, in the absence of some notice other than by publication, and the plaintiff is not entitled to the decree quieting title, which is the only relief sought. The judgment, therefore, must be affirmed.

Because *Mennonite Board* shows with certainty that the plaintiff is not entitled to the relief sought it is appropriate to deviate from the normal rule that non-constitutional issues be considered first. It is not necessary to consider the reasons adduced by Judge Houser for affirmance.

To say that *Mennonite Board* poses problems is to speak mildly. The legislature may have to take action. Because of the far-reaching implications of this change from the law as previously understood it is appropriate to mention two readily apparent problems, as follows:

(1) Must the appropriate notice be given to the trustee, or to the *cestui,* or to both? Prudent lawyers, no doubt, would inquire as to the addresses of both, at least until further light appears. The record, of course, does not show whether the named *cestui* still holds the note secured by deed of trust. The trustee is usually a passive party, often named without being specifically advised of the particular transaction, and the value of

notice to him or her is problematical. Yet these names are the only ones available in the public records.

(2) What rights and remedies do persons in the position of this plaintiff have for the money they have paid into the public treasury on account of delinquent taxes, and what are their priorities with respect to secured lenders?

Neither of the questions just posed was involved in the prior proceedings of this case, or considered in *Mennonite Board.* Nothing remains but to affirm the present judgment.

HOUSER, Senior Judge, concurring.

I concur in the result reached by Donnelly, J., namely, that the tax sale is insufficient to extinguish the deed of trust and that the deed of trust remains in full force and effect, but for entirely different reasons. It is not necessary to reach the constitutional issue; the sale is void on its face for two reasons: (1) the notice of sale does not strictly follow the statutory requirements concerning the contents of the notice of sale, and (2) the collector's deed is void for failure to have the collector's deed witnessed by the County Clerk (or in the case of St. Louis County, the Administrative Director of St. Louis County). *Costello v. City of St. Louis,* 262 S.W.2d 591, 596 (Mo. 1953); § 140.460(1) and (2), RSMo 1969; *Klorner v. Nunn,* 318 S.W.2d 241, 245 (Mo. 1958); *Heppler v. Esther,* 534 S.W.2d 533 (Mo.App.1976).

BILLINGS, Judge, concurring.

I concur in the opinion of Donnelly, J., and the concurring opinion of Houser, Sr.J. I write only to suggest that the broad sweep of *Mennonite Board of Missions* poses additional questions for Missouri tax collectors, purchasers, and title examiners where property is sold under the Jones-Munger Act.