In re the Matter of FORECLOSURE OF LIENS FOR DELINQUENT LAND TAXES BIG ACTION IN REM.

COLLECTOR OF REVENUE, CITY OF ST. LOUIS, Respondent,

v.

PARCEL # 42–370, PARCELS OF LAND ENCUMBERED WITH DELINQUENT TAX LIENS (OWNER OMARCO, INC.), Appellant.

No. 47278.

Missouri Court of Appeals, Eastern District, Division Three.

June 26, 1984.

Bruce Nangle, Clayton, for appellant.

Christopher M. Smith, St. Louis, for respondent.

REINHARD, Judge.

This is an appeal from a judgment of the Circuit Court of the City of St. Louis by a purchaser of real estate at a tax sale. On September 14, 1982, the real estate in the City of St. Louis was sold to the highest bidder at a sheriff's sale for $2,000.00. The Collector of Revenue for the City of St. Louis had previously obtained a foreclosure judgment against the land for delinquent taxes pursuant to the Municipal Land Reutilization Law, §§ 92.700—92.920, RSMo.

1978.[1] The purchaser, Omarco, Inc., then filed for judicial confirmation of the sale under § 92.840. The court permitted the former owner, Yateman, Inc., to intervene in the confirmation hearing.

The confirmation hearing was held on March 11, 1983. Both purchaser and former owner introduced evidence. Purchaser's expert testified that the value of the real estate was $11,000.00 based on the comparable sales method of valuation, and $10,950.00 based on the income approach. Former owner's expert valued the real estate at $26,000.00 based on the comparable sales approach. The trial court, ruling under authority of § 92.840, found that the $2,000.00 sale price was inadequate consideration. The court found the fair market value to be $18,500.00, and held this to be adequate consideration for the real estate. Therefore, the trial court confirmed the sale on the condition that purchaser pay $18,500.00 as the purchase price; in default of full payment, the purchaser's original $2,000.00 was to be refunded. This procedure is in accordance with § 92.840 (confirmation of sales).

Purchaser appeals, arguing that the former owner of the property may not intervene in the confirmation hearing because under § 92.750 he lost all interest in the land when it was sold at the sheriff's sale. Under § 92.840, the court is to "hear evidence of the value of the property offered on behalf of any interested party to the suit...." The statute does *not* require that the party have an interest in the land itself. Purchaser erroneously interprets a former owner's loss of all interest in the land to include a loss of all interest in the proceeds of the sale if a surplus exists. The two are not the same. Under § 92.-840.4, the record owner may be entitled to surplus funds; clearly, he is an interested party entitled to present evidence at the confirmation hearing.

Purchaser next argues that the trial court erroneously applied the law in using an estimate of fair market value in determining the adequacy of the purchase price at the sheriff's sale. Although § 92.840.2 permits the trial court to raise the purchase price to the amount it deems to be adequate consideration, the statute does not define adequate consideration. The Missouri Supreme Court has held that adequate consideration is "such an amount as the court is satisfied is substantial, and fairly and reasonably commensurate with the value of the land in the circumstances of a forced-tax sale in a proceeding wherein, the sale having been confirmed, the purchaser procures a marketable title." *Brasker v. Cirese*, 269 S.W.2d 62, 67 (Mo. banc 1954) (construing the Land Tax Collection Law, § 141.580, RSMo. 1949).

Here, there was substantial evidence for a determination that the fair market value of the property was $18,500.00 because that amount was within the range of the evidence. However, under *Brasker v. Cirese, id.*, fair market value is not the standard for determining adequacy of consideration because it does not reflect the circumstances of a forced sale. The court erred in using the fair market value as a basis for adequate consideration. We are constrained to reverse and remand the order for a new confirmation hearing.

KAROHL, P.J., and CRANDALL, J., concur.

**1.** All statutory references are to RSMo. 1978    unless otherwise indicated.