In the Matter of FORECLOSURE OF
LIENS FOR DELINQUENT
LAND TAXES,

Collector of Revenue of the City
of St. Louis, Appellant,

v.

Parcels of Land Encumbered by Delinquent Tax Liens, Land Tax Suit
128–161, et al., Respondent.

No. ED 88450.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 12, 2007.

, Richard B. Blanke, Kenneth H. Graeber, Saint Louis, MO, for respondent Lewis Mitchell Co.

Frederick M. Hawk, Stuart Howard Goldberg, Saint Louis, MO, for respondents Abdul & Donna Hakim.

Gordon D. Schweitzer, Jr., Saint Louis, MO, for respondent The City of St. Louis.

Anthony J. Sestric, Saint Louis, MO, for respondent Collector of Revenue.

Metropolitan St. Louis Sewer Dist., Saint Louis, MO, Respondent Acting pro se.

Robert Edward Jones, Clayton, MO, for appellant Ameriquest Mortgage Co.

William Laird Hetlage, Clayton, MO, for appellant Ernestine Terry.

## *OPINION*

GLENN A. NORTON, Presiding Judge.

Ameriquest Mortgage Co. ("Lienholder") and Ernestine Terry ("Initial Owner") appeal the judgment sustaining Lewis Mitchell Company's ("Purchaser") and Abdul and Donna Hakim's ("Tenants") motions to dismiss Lienholder's motion to set aside a tax sale. We reverse and remand.

## I. BACKGROUND

The Collector of Revenue of the City of St. Louis ("Collector") foreclosed on real estate owned by Initial Owner and subject to a deed of trust held by Lienholder. Tenants lived in a home on the property. The foreclosure was based on delinquent special tax liens from taxes assessed for nuisance building abatement. Purchaser purchased the real estate at a tax sale held by the sheriff. The sale was confirmed by the trial court.

Purchaser did not apply for an occupancy permit within ten days after the court's confirmation. Lienholder filed a motion to set aside the tax sale on the ground that Purchaser did not timely apply for an occupancy permit under section 92.840.6 RSMo 2000.[1] Purchaser filed a motion to dismiss Lienholder's motion, alleging that Lienholder had an adequate remedy at law, that it was not entitled to equitable relief, that it was barred by unclean hands and laches and that the court had no jurisdiction to hear the motion. Tenants later filed a motion to dismiss Lienholder's motion, alleging that Lienholder had no standing. Tenants also filed a motion to intervene and cross-claims against Purchaser.

The court heard testimony and arguments on the various motions. On June 8, 2006, it entered an order and judgment granting Purchaser's and Tenants' motion to dismiss Lienholder's motion to set aside the tax sale and granting Tenants' motion to intervene. It also stated that Lienholder did not appear to be an "interested party" under the occupancy permit statute. The court did not rule on Tenants' cross claims against Purchaser.

## II. DISCUSSION

### A. Jurisdictional Issues

■ As a preliminary matter, we address concerns over this Court's jurisdiction. Lienholder filed a notice of appeal 27 days after the June 8th judgment was entered. This Court then entered an order to show cause as to why Lienholder's appeal should not be dismissed. The order suggested that the trial court's order and judgment may not have been a final judgment because the trial court did not rule on Tenants' claims against Purchaser. On November 2, 2006, Lienholder obtained

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

and filed with this Court an order from the trial court under Rule 74.01(b) [2] finding that there was no reason to delay an appeal from the judgment. Tenants filed a response alleging that the certification was improper because the judgment did not resolve all legal issues as to any single claim. Lienholder argues that the court did not err in certifying its partial judgment for appeal.

■■■ There is a four factor test in deciding whether a partial judgment is proper: (1) whether the action remains pending in the trial court as to all parties; (2) whether similar relief can be awarded in each separate count; (3) whether determination of the claims pending in the trial court would moot the claim being appealed; and (4) whether the factual underpinnings of all the claims are intertwined. *ARC Industries, Inc. v. Siegel–Robert, Inc.*, 157 S.W.3d 344, 346 (Mo.App. E.D. 2005). A judgment is final when it disposes of a "distinct judicial unit." *Columbia Mutual Insurance Co. v. Epstein*, 200 S.W.3d 547, 551 (Mo.App. E.D.2006). Claims are separate when they require proof of different facts and application of distinguishable law. *Id.*

The claims were properly severed for appeal. All remaining claims relate to Tenants' breach of contract action against Purchaser. The relief sought in the issues on appeal is setting aside the tax sale, while that sought under the remaining issues is specific performance or monetary relief. Moreover, Lienholder and Prior Owner are not parties to those claims. Further, disposition of the contract claims would not moot the claims on appeal.

■■■ Purchasers and Tenants also argue that this Court has no jurisdiction because the trial court lost jurisdiction to enter its Rule 74.01(b) order after the notice of appeal was filed. While it is generally true that the trial court loses jurisdiction when a notice of appeal is filed, this Court does not have jurisdiction over a case when a partial judgment is appealed without the trial court properly certifying the judgment under Rule 74.01(b). *Berving v. R & R Co.*, 70 S.W.3d 10, 14 (Mo. App. E.D.2002); *Bellon Wrecking & Salvage Co., Inc. v. Dave Orf, Inc.*, 956 S.W.2d 437, 438 (Mo.App. E.D.1997). Even if a notice of appeal is filed, the judgment is not final for purposes of appeal until the non-appealable judgment is made final. *Coleman v. Coleman*, 187 S.W.3d 331, 333 (Mo.App. E.D.2006). Further, in a case with multiple claims, a judgment is not final until after the court properly makes an express determination in its judgment that there is "no just reason for delay." *Suelthaus & Kaplan, P.C. v. Byron Oil Industries, Inc.*, 847 S.W.2d 873, 874–75 (Mo.App. E.D.1992). A prematurely filed notice of appeal is considered filed immediately after the time the judgment is final for purposes of appeal. Rule 81.05. Here, the trial court did not lose jurisdiction to make a Rule 74.01(b) determination after the notice of appeal was prematurely filed and the judgment was not final for purposes of appeal until after the court made its determination. Accordingly, the court had jurisdiction to enter its order and the notice of appeal was timely.

■■■ Purchaser further argues that Initial Owner should be dismissed from the appeal because she is not an aggrieved party to the denial of Lienholder's motion and because her notice of appeal was not timely filed. We disagree. Initial Owner's situation is akin to that discussed in *Schroff v. Smart*, where a tax sale purchaser was an aggrieved party even though it was not named as a party in the

underlying suit. 120 S.W.3d 751, 755 (Mo. App. W.D.2003). In *Schroff,* the Court stated that whether a party may appeal is not based on a precise definition or formula, but the circumstances of the party at hand. *Id.* Here, Initial Owner lost ownership at the tax sale and that ownership would be restored if the sale was set aside by Lienholder's motion. Initial Owner is an aggrieved party and may appeal.

▉ Further, Initial Owner's notice of appeal was timely filed. Initial Owner filed its only notice of appeal the same day that the trial court found no reason to delay the appeal. Rule 74.01(b) states that without that determination, no action of the court adjudicating fewer than all the claims of all parties terminates the claims of any parties. Without a Rule 74.01(b) determination, the original judgment could not become final for purposes of appeal. Initial Owner's notice of appeal after the determination was therefore timely.

Consequently, this Court has jurisdiction to consider the appeal.

## B. Lienholders as Interested Parties under Section 92.840.6

Lienholder's first substantive argument is that the trial court erred in finding that it was not an interested party under section 92.840.6. The judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Section 92.840.6 states that "[f]ailure to apply for [an] occupancy permit within ten days after confirmation [of the tax sale] shall result in the sale and confirmation being immediately set aside by the motion of any *interested party* ...." (emphasis added). Section 92.750 states that if a party with "interest" in property does not

redeem by the time of the tax sale, the party "shall be barred and forever foreclosed of all [its] right, title and interest" in the property.

Purchaser's argument is that because Lienholder did not redeem before the tax sale, it lost all its "interest" under section 92.750 and therefore was not an "interested party" under section 92.840.6. In response, Lienholder argues that the Missouri Supreme Court, in *Lohr v. Cobur Corp.,* 654 S.W.2d 883, 885 (Mo. banc 1983), and the United States Supreme Court, in *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 798, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), have recognized that a deed of trust holder or mortgagee has a property interest that is valuable and significantly affected by a tax sale. Purchaser correctly points out that cases like *Lohr* and *Mennonite Board* relate to the necessity of notice before depriving a lienholder of its interest in real estate. *Mennonite Board,* 462 U.S. at 792, 103 S.Ct. 2706; *Lohr,* 654 S.W.2d at 885. Pre-deprivation notice to Lienholder is not at issue here.

▉ One case more applicable to the present circumstances is *Greenwich Condominium Association v. Clayton Investment Corp.,* which recognized that a party with extinguishable property rights can bring an action to challenge divesture of its rights after they purportedly have been extinguished. 918 S.W.2d 410 (Mo.App. E.D.1996). In *Greenwich,* a tax sale purchaser failed to apply for an occupancy permit within ten days of the sale. *Id.* at 412. The property's initial owner, whose property interest was purportedly lost in the tax sale under section 92.750, brought an action to set aside the tax sale under section 92.840.6 for failure to apply for an occupancy permit in the prescribed time. *Greenwich,* 918 S.W.2d at 412–13. This

Court affirmed the trial court's judgment allowing the initial owner to file a motion to set aside despite its alleged loss of all interest. *Id.* at 414–15. Although the Court did not expressly address what the Legislature contemplated by "interested party," *Greenwich* is useful in interpreting the intent of section 92.840.6.

Two other cases have interpreted similar provisions of statutes regulating tax sales. In *Collector of Revenue, City of St. Louis v. Parcel 42–370, Parcels of Land Encumbered with Delinquent Tax Liens* ("*Parcel 42–370* "), property was sold under the Municipal Land Reutilization Law, the same statutes at issue here. 672 S.W.2d 730, 730–31 (Mo.App. E.D.1984). Over the purchaser's objections, the trial court allowed the property's initial owner to intervene in the judicial confirmation of the sale. *Id.* at 731. This Court affirmed the court's decision, finding that "[t]he statute does *not* require that the [interested] party have an interest in the land itself." *Id.* (emphasis in original). The Court went on to state that losing an interest in land under section 92.750 RSMo 1978 did not include losing an interest in the surplus proceeds of the property's sale under section 92.840.4 RSMo 1978.[3] *Id.* *See also City of St. Louis, Collector of Revenue v. Parcel 107 of Land, et al.,* 702 S.W.2d 123, 125 (Mo.App. E.D.1985).

Purchaser argues that *Parcel 42–370's* and *Greenwich's* holdings should be limited to allow lienholders to intervene in the tax sale confirmation hearing only and not to allow them to file a motion to set aside. We disagree. We recognize the challenge in harmoniously interpreting sections 92.840.6 and 92.750: that a party may at once lose its "interest" at the tax sale and yet be an "interested party" to set aside

that sale. Previous decisions guide us through this difficulty, however, and indicate that lienholders should be considered interested parties to file a motion to set aside a tax sale when the purchaser fails to timely apply for an occupancy permit. In *Lohr,* Missouri courts recognized the important property rights held by a lienholder and acknowledged that the U.S. Supreme Court had held the same. 654 S.W.2d at 885. Moreover, lienholders maintain financial interests in property; parties have been permitted to defend those interests even after their "interests" have been extinguished by section 92.750. *Parcel 42–370,* 672 S.W.2d at 731. Further, initial owners have been considered interested parties in the same situation. *Greenwich,* 918 S.W.2d at 414–15.

Purchaser's argument that only parties with an *occupancy* interest in the property, such as tenants or occupying owners, can file a motion to set aside is similarly unsupported and misplaced. The statute itself does not make such a qualification and we decline to insert one. Moreover, upon the timely motion of an interested party, section 92.840.6 sets aside an entire tax sale, not only the purchaser's occupancy rights. At oral argument, Purchaser conceded that even under its theory, if Tenants had set aside the sale then Lienholder's interest would be fully restored to its pre-sale position. We find no evidence or authority that the statutory scheme is to be interpreted so that only a party with an *occupancy* interest could restore all previously interested parties' property rights. Moreover, the Collector, although filing as a Respondent, agrees with Lienholder on this matter. Lienholders, who often have the greatest financial interest at stake in a tax sale, were surely contem-

---

3. For purposes of the issues here, these sections have remained materially unchanged since 1978.

plated as "interested parties" under section 92.840.6.

Point one is granted. Lienholder is an "interested party" and can file a motion to set aside the tax sale under section 92.840.6. The portions of the trial court's June 8, 2006, judgment sustaining Purchaser's and Tenants' motions to dismiss Lienholder's motion to set aside the tax sale are reversed. The portion of the judgment declaring Lienholder's motion to set aside as moot is stricken. On remand, the trial court must rule on the merits of Lienholder's motion to set aside the tax sale.

## C. Applicability of Equitable Defenses

Purchaser also argues that Lienholder's claims are barred by the equitable doctrines of unclean hands and laches. Purchaser presented these theories to the trial court, but the court did not comment on them in its judgment. Purchaser argues that because Lienholder failed to redeem its interest, even after being given full notice, it should not now be able to set aside the tax sale.

 Equitable defenses such as laches and unclean hands will not stand in this case. Equitable defenses are available only when equitable remedies are sought. *McNulty v. Heitman*, 600 S.W.2d 168, 172–73 (Mo.App. E.D.1980), *superseded by statute on other grounds in Schulze By and Through Schulze v. Haile*, 840 S.W.2d 263, 266 (Mo.App. W.D.1992). Here, Lienholder sought a strictly statutory remedy: to set aside the tax sale under section 92.840.6. Laches and unclean hands cannot be used to defend the action.

## D. Applicability of Municipal Land Reutilization Law to Special Tax Bills for Nuisance Abatement

 Initial Owner argues that the chapter under which the tax lien was assessed, chapter 67, is not encompassed in chapter 92, the Municipal Land Reutilization Law. We disagree. Section 67.398.1 provides that the City of St. Louis may enact ordinances to provide for abatement of nuisances. Further, section 67.398.3 provides that the cost of nuisance removal shall be certified by the Collector and included in a special tax bill or added to the annual real estate bill. Any unpaid tax bill shall be considered delinquent and its collection shall be pursuant to the laws governing delinquent and back taxes. *Id.* The Municipal Land Reutilization Law governs those delinquent taxes. The court did not err in applying chapter 92 to govern the tax sale. Point denied.

## III. CONCLUSION

The decision is reversed and remanded for further proceedings consistent with this opinion.[4]

LAWRENCE E. MOONEY, and
KENNETH M. ROMINES, JJ., concur.

---

4. Lienholder also argues that the court erred in failing to enforce an alleged settlement agreement between it and Lewis Mitchell. Because of the possible impact of this decision on the alleged settlement agreement issue, we decline to review Lienholder's point "B," and we direct the parties and court to reconsider it on remand.