

# In the Missouri Court of Appeals
# Eastern District

**DIVISION FOUR**

| | | |
|---|---|---|
| IN THE MATTER OF FORECLOSURE OF LIENS FOR DELINQUENT LAND TAXES BY ACTION IN REM, COLLECTOR OF REVENUE CITY OF ST. LOUIS, MISSOURI, | ) ) ) ) | No. ED111425 |
| | ) | |
| Respondent, | ) ) | Appeal from the Circuit Court of City of St. Louis |
| & | ) | Cause No. 2122-LT20329 |
| | ) | |
| SCOTT W. REIBE, | ) ) | |
| Respondent, | ) | Honorable Michael J. Colona |
| | ) | |
| vs. | ) ) | |
| A & W INVESTMENTS GROUP, LLC, | ) | Filed: January 23, 2024 |
| | ) | |
| Appellant. | ) | |

Before Judges Thomas C. Clark II, P.J., James M. Dowd, J. and John P. Torbitzky, J.

## Introduction

A&W Investments Group, LLC (Appellant) appeals the trial court's order and judgment granting Scott Reibe's (Respondent S.R.) motion to set aside the tax sale of a land parcel located in the 7900 block of Minnesota in the City of St. Louis (Land Parcel). Appellant raises one point on appeal, arguing that the trial court erred by granting Respondent's motion because the Sheriff of the City of St. Louis (Sheriff) provided notice of the tax sale to W.R., Respondent S.R.'s father and previous owner of the Land Parcel, as disclosed in the city assessor's records

1

(Assessor) as required by § 92.810.[1] We reverse and remand to the trial court for further proceedings.

## Factual and Procedural Background

As the Land Parcel's previous owner, W.R. signed a beneficiary deed naming Respondent S.R. as the grantee of the Land Parcel and recorded it with the City of St. Louis Recorder of Deeds (Recorder of Deeds) on July 14, 1998. On June 30, 2019, W.R. died and ownership of the Land Parcel transferred automatically to Respondent S.R. pursuant to the beneficiary deed. Respondent S.R. did not know about the beneficiary deed until three years after W.R.'s death and around the time of the tax sale involving the Land Parcel.

Following W.R.'s death, the property taxes on the Land Parcel were not paid in 2019, 2020 and 2021 for an initial outstanding balance of $1,573.88, causing the City of St. Louis Collector of Revenue (Collector) to petition for the property sale due to unpaid taxes in cause 2122-LT00212 on June 8, 2021.[2] At that time, both the records for the Collector and the Assessor still listed W.R. as the Land Parcel's owner. The trial court entered judgment against W.R. in the foreclosure lawsuit after an evidentiary hearing on August 26, 2021. In the foreclosure judgment, the trial court concluded that the Collector notified W.R. as the owner of record by U.S. postage and by publication in the *St. Louis Daily Record* as required by the Municipal Land Reutilization Law (§§ 92.700–92.920). Following the judgment, the Sheriff prepared to conduct a tax sale of the property on June 28, 2022, posting notice of the tax sale on the door of the Civil Courts Building in the City of St. Louis, publishing notice in the *St. Louis*

---

[1] All statutory references are to the Revised Statutes of Missouri (2016). The 1993 version of § 92.810 applies here because it was the version in effect at the time of the tax sale even though the Missouri General Assembly amended the provision effective August 28, 2022, prior to the trial court's final judgment and order on January 5, 2023.

[2] At the time of the tax sale on June 28, 2022, the general taxes, statutory interest, penalties, attorney fees and costs associated with the property sale increased to $2,260.00.

*Daily Record* and mailing notice of the sale to W.R., as the owner of record according to the Assessor and the Collector. Additionally, the Sheriff posted notice of the upcoming tax sale at the Land Parcel on June 2. Respondent S.R. did not receive notice of the tax sale as conceded by both parties. At the June 28 tax sale, Appellant purchased the Land Parcel for $37,400.00.

After its successful bid, Appellant filed a Motion to Confirm the Tax Sale with the trial court on August 10, 2022 and filed the property appraisal with the appraiser's accompanying affidavit on September 12. Respondent S.R. learned of his property ownership soon after the tax sale but before the confirmation hearing on September 22. At the confirmation hearing, Respondent S.R. appeared, made an oral motion to continue the confirmation hearing and filed a Motion to Set Aside the Tax Sale. On November 4, the parties argued Appellant's Motion to Confirm the Tax Sale and Respondent S.R.'s Motion to Set Aside but the trial court withheld an immediate ruling, providing the parties with an opportunity to file briefs addressing the issues. On January 5, 2023 and following the briefing period, the trial court issued its order and judgment, concluding that Respondent S.R. did not receive sufficient notice of the tax sale. Now Appellant appeals.

## Standard of Review

In a judge-tried case, we will affirm the judgment of the trial court unless substantial evidence does not support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Where a party asserts the trial court erroneously declared or applied the law, our review is *de novo*. *Wallace v. Byrne*, 672 S.W.3d 96, 107 (Mo. App. E.D. 2023); *see also Hampton v. Llewellyn*, 663 S.W.3d 899, 901 (Mo. App. W.D. 2023).

**Discussion**

Appellant argues that the Collector and Sheriff provided the requisite notice pursuant to § 92.810 and we agree. According to the U.S. Supreme Court, a notifying party must provide notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *see also Foreclosure of Liens for Delinquent Taxes by Action In Rem v. Holton*, 428 S.W.3d 670, 677 (Mo. App. W.D. 2014) and *Lohr v. Cobur Corp.*, 654 S.W.2d 883, 886 (Mo. banc 1983). Our primary inquiry is whether notice was adequate pursuant to §92.810 and we conclude that it was. In part, the 1993 version of § 92.810 states:

> "No later than twenty days prior to the sheriff's sale, *the sheriff shall send notice of the sale to the owner or owners, as disclosed upon the records of the assessor of the real estate for which tax bills thereon are delinquent*. The search of the records of the assessor must be made not more than forty days prior to the sending of this notice."

§ 92.810.3 (emphasis added).

The sheriff followed the language of § 92.810. Both the Assessor and Collector listed W.R. as the Land Parcel's owner. Based on this information, the Sheriff sent notice via U.S. postage to W.R. at the Land Parcel's address in the 7900 block of Minnesota on May 23, 2022. The record does not reflect that the Sheriff knew or had reason to know that W.R. was deceased or that notice to W.R. was ineffective because he relied on the Assessor's records identifying W.R. as the Land Parcel's owner, fulfilling the requirements of § 92.810. *See In re Foreclosure of Liens for Delinquent Land Taxes by Action v. Bhatti*, 334 S.W.3d 444, 448 (Mo. banc 2011) ("With hundreds of properties subject to tax lien foreclosures in the City of St. Louis, notions of due process do not require the sheriff to take any further steps to find property owners absent knowledge the notice was not received.").

4

Additionally, the Sheriff posted notice of the tax sale on the door of the Civil Court's Building, published notice and posted notice of the sale on the Land Parcel's premises. Since the Sheriff complied with the statutory requirements and additionally posted notice of the tax sale on the premises, Respondent has failed to show that the notice was not "reasonably calculated to apprise him of the tax sale or that the sheriff knew or should have known that the notice was ineffective." *Id.* at 448 (finding notice of foreclosure sale sufficient where the Sheriff mailed notice to the affected land parcel and did not know or have reason to know that the notice was ineffective).

Our determination may appear contrary to logic considering W.R. filed the deed with the Recorder of Deeds identifying Respondent S.R. as the intended property beneficiary. Despite this, the record does not reflect that anyone, including Respondent S.R., alerted the Recorder of Deeds about W.R.'s death, which presumably would prompt him to adjust his records and notify the Assessor so he could also document the Land Parcel's change of ownership. In fact, the record does not indicate that Respondent S.R. attempted to notify any of the City of St. Louis' various taxing entities about W.R.'s death. Without knowing this, the Collector and Sheriff continued their efforts to contact W.R. about the delinquent taxes and the pending tax sale, effectively complying with the statutory guidelines.

While we regret that Respondent S.R. lost access to the Land Parcel and equally recognize that our determination defeats the desire of the decedent, we likewise conclude that Respondent S.R. made insufficient efforts to preserve his property interest. Although he asserts that he was unaware of the delinquent taxes until sometime after the tax sale but before the September 2022 confirmation proceeding, this nearly three-year period is also marked by his inactivity and is devoid of any recognizable effort to identify, express or memorialize his interest

5

in the property. During the nearly three years separating W.R.'s death in 2019 and the tax sale in 2022, the record fails to reflect that Respondent S.R. reviewed W.R.'s records for a will or deed documenting the property transfer or reviewed the records of the Recorder of Deeds which most likely would have alerted him about the beneficiary deed. Additionally, the record does not demonstrate that Respondent S.R. made any effort to probate his father's estate while suspecting, if not knowing, that he had a superior claim to the property as his heir. Further, the record does not reflect that he attempted to forward W.R.'s death certificate to any of the appropriate taxing entities or even forwarded his father's mail to Respondent S.R.'s address. The simple due diligence of pursuing some or any of these initiatives would have uncovered his ownership, demonstrated his interest in the property, alerted him about his property tax obligations or, at the very least, prompted him to inform the Assessor and Collector about the change of ownership. We weigh Respondent S.R.'s duty to preserve his interest in the Land Parcel with the Sheriff's responsibility to provide notice of the tax sale and find the notice sufficient considering Respondent S.R.'s failure to preserve his property interest. *See Holton*, 28 S.W.3d at 682 ("At some point a property owner's presumptive duty to preserve his property outweighs the responsibility of a tax collector to provide more extensive forms of notice"); *see also Schwartz v. Dey*, 780 S.W.2d 42, 45 (Mo. banc 1989)).

## Conclusion

We reverse the trial court's January 5, 2023 order and judgment granting Respondent S.R.'s motion to set aside the tax sale of the Land Parcel and remand to the trial court for proceedings consistent with this decision.

_____
Thomas C. Clark II, P.J.

James M. Dowd, J., and
John P. Torbitzky, J., concur.