GRANT I. and MATHILDE ROSENZWEIG, Husband and Wife, Appellants, v. CLAUDE A. FERGUSON, No. 36650.

GRANT I. and MATHILDE ROSENZWEIG, Husband and Wife, Appellants, v. CLAUDE A. FERGUSON, No. 36651.—158 S. W. (2d) 124.

Division Two, October 25, 1941.

Rehearing Denied, December 16, 1941.

Motion to Transfer to Banc Overruled, December 16, 1941.

Motion to Reconsider Motions for Rehearing and to Transfer to Banc Overruled, February 4, 1942.

*Charles E. McCoy* and *Grant I. Rosenzweig.*

1146

*George K. Brasher, Arthur E. Johnson* and *Lathrop, Crane, Reynolds, Sawyer & Mersereau* for respondent.

WESTHUES, C.—These two cases involve title to real estate. They were consolidated in this court because the outcome of each rests upon similar state of facts and questions of law. Case number 36650 pertains to lot 4, block 21, Romanelli Gardens, Kansas City, Missouri. Case number 36651 pertains to lot 16, block 15, of the same subdivision. On July 29, 1938, plaintiffs, appellants here, filed a separate suit as to each lot in which they asked the court to try and determine title. The specific relief sought in each case was the cancellation of a sheriff's sale and deed executed pursuant thereto. The sales were had on July 21, 1938, during the same term of court as when the present suits were filed. The sales were had pursuant to executions issued upon judgments and decrees establishing mechanics' liens against the lots in question for improvements made thereon. The decree in case number 36650 was entered in the Circuit Court of Jackson County on January 15, 1934. In case number 36651 the decree was entered on April 13, 1934. The principal question in each suit was whether the mechanics' liens were superior to the deed of trust held by appellants, Rosenzweigs. The decrees of the circuit court established the mechanics' liens as being superior to the deed of trust. This court, on April 21, 1937, in the case of Lee & Boutell Co. v. C. A. Brockett Cement Co., 341 Mo. 95, 106 S. W. (2d) 451, affirmed the ruling of the trial court. While the mechanics' lien proceedings were pending in the circuit court, that is, on January 7, 1932, appellants acquired title to the property through a sale had under the deed of trust. The decrees of the trial court, as affirmed by this court in the Lee & Boutell Company case, supra, settled the rights of the parties as they then existed. They were, that the mechanics' lien holders had liens against the lots in question which were superior to the rights of appellants, Rosenzweigs, as acquired through

their deed of trust. After this court rendered its decision, and, on May 7, 1938, executions were issued on the judgments. These executions, pursuant to the decrees, directed the sheriff to levy upon the goods of R. N. Eaton, Maud Eaton, L. V. Knapp and E. M. Chester, as trustees of and for Fidelity Building Company, a defunct corporation. These executions also directed that in the event the executions were not satisfied in whole or in part then the sheriff was to levy upon and sell the real estate or lots here in question to satisfy the judgments. The reason for the direction in the executions was that there were no personal judgments against the Rosenzweigs but only liens against the lots here in question. The executions were made returnable to the May term. The sheriff, on the first day of the May term, made a return of *nulla bona* as to the Eatons, Knapp and Chester. In the sheriff's returns he also stated that he had seized and levied upon the lots in question. The sales were had during the May term. It was conceded that the notices of sales published during the May term were sufficient in form. After the sales were had and the sheriff had executed his deeds, the Rosenzweigs filed the present suits to set aside the sales and deeds. The petitions filed recited the history of the proceedings pertaining to the establishment of the mechanics' liens and the sales had thereunder. The petitions then charged that the sales were void for the following reasons: That the sales were had without notice to the Rosenzweigs; that under the law the liens created by the judgments and decrees had expired long prior to the time the executions were issued and no attempt had been made to revive them; that the sheriff failed to make a proper return on the executions against the Eatons, Knapp and Chester and that no proper return of *nulla bona* as to those parties was made prior to the levy on plaintiffs' lots. To these petitions the defendant purchaser of the lots filed a plea to the jurisdiction of the court to entertain plaintiffs' suits for the reasons that the division of the court of Jackson county in which the suits were tried had exclusive jurisdiction over the subject matter; that the property was sold under the supervision of that division of the court and that the Rosenzweigs, plaintiffs in these suits, were defendants in the mechanics' lien suits and were therefore bound by all of the proceedings, judgments and decrees had in those suits; that no attempt was made by the Rosenzweigs to vacate the sales or appeal from the orders approving them; that the term of court at which the sales were had had now expired and plaintiffs had lost all of their rights in the matter; that the questions presented had become finally adjudicated. The trial court held a hearing on the pleas of the defendant. The pleadings, judgments, executions, notices of sale, deeds and all matters bearing on the sale were introduced in evidence. The trial court sustained the defendant's pleas to the jurisdiction and dismissed plaintiffs' petitions. From the judgments entered appeals were taken.

1150

■■■ Appellants in their brief made the following suggestion to this court:

"The ■■■ full story of Sheriff's deed, mechanic's liens and title being now before the Supreme Court, this Court is now in position, if it so see fit, by its own judgment, or by its mandate with instructions, including award of future possession and rents in accordance with present determination of the true title, to bring to a present end, in accordance with law and actual facts, the eleven-years' exhausting contentions of the parties thereover . . ."

We will follow the suggestion and decide the case on the merits. Appellants insist that the liens created by the decree of the circuit court against the lots in question in the mechanics' lien proceedings expired after a period of three years, and cite in support of that contention Sections 1269, 1270, R. S. Mo. 1939. These sections do not apply to judgments and decrees which specifically create liens against real estate described in the judgments, but to judgments in personam. There was no personal judgment entered against the Rosenzweigs in the mechanics' lien proceedings and therefore no lien existed against any of their real estate except as provided for·in the decree itself. The liens were established by the decrees against lots four and sixteen above described. These liens were therefore valid and alive during the life of the judgments, that is ten years. Neither was it necessary for the sheriff to file a notice of the levy upon the lots prior to the sale as provided for in Section 1343, R. S. Mo. 1939. Such is the rule as declared by this court in Schwab v. City of St. Louis, 310 Mo. 116, 274 S. W. 1058, l. c. 1066, where this court said:

"It is evident that the purpose of section 1555 was to make judgments in personam a lien on the real estate of the judgment debtor, and section 1556 fixes the duration of such lien at three years from the entry of such judgments. The general statutes are silent, so far as we can find, with respect to the duration of the lien of judgments for special benefits. Judgments in proceedings for the collection of local assessments and special benefits are judgments in rem, not in personam, and can only be for the enforcing of the lien against the particular property assessed."

In St. Louis Brewing Assn. v. Howard, 150 Mo. 445, 51 S. W. 1046, this court ruled that a sheriff need not file a notice of a levy on land in cases where the judgment itself was already a lien. Note what the court said in 51 S. W. 1046, l. c. 1047:

"It may also be conceded that the sheriff of Washington county did not file a notice of the levy in the office of the recorder of deeds, under section 4922; but that does not affect this case, for that section only requires such a notice to be so filed where the judgment is not already a lien on the property, and in this case the judgment had been a lien on this property for more than a year before the execution was levied on it."

We therefore rule that the liens created by the decrees in the mechanics' lien proceedings remained in full force, without a revival proceeding, for a period of ten years, unless fully discharged. As to the question of a proper return by the sheriff on the executions, we note that the sheriff followed the directions in the executions issued to him. The return disclosed that he made a diligent search and failed to find any property of the Eatons, Knapp or Chester out of which to satisfy the judgments. The returns further showed that he then made a levy upon the lots here in question. The sales were had during the May term after notices had been published for the required time. The sales were then approved and the deeds executed four days later. The executions as issued and returns thereon complied with the provisions of Section 1319, R. S. Mo. 1939. [See Marks v. Hardy, 86 Mo. 232, 1. c. 238.] Therefore, even though plaintiffs had a legal right to file the present suits the action of the trial court in dismissing the petitions must be sustained for the reason that upon the merits plaintiffs have no cause of action.

Respondents filed a motion to dismiss the appeal in ecah case, alleging that appellants had failed to comply with rule fifteen of this court. Since we have decided the questions on the merits against appellants the motions to dismiss are hereby overruled without considering their merits. The judgment of the trial court in dismissing plaintiffs' petition in each case is therefore affirmed. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.

### ON MOTION FOR REHEARING.

PER CURIAM: Appellants filed a motion for rehearing arguing vehemently that our opinion, holding that Section 1270, R. S. Mo. 1939, which provides that judgments shall be a lien upon lands for three years, did not apply to a decree establishing a mechanics' lien, was erroneous. Appellants, among other cases, cited Eyssell v. City of St. Louis, 168 Mo. 607, 68 S. W. 893. That was a case wherein the City of St. Louis obtained a judgment for special benefits charged against a lot in a condemnation proceeding. Appellants also rely much upon Hill v. Arnold, 177 S. W. 343, as holding that all judgment liens expire in three years, including decrees establishing special liens against land. The decree of the trial court in the Hill case was treated by this court as a money judgment in personam. Note what the court said at page 345 of 177 S. W.:

"We say the decree undertakes to give a money judgment because the judgment is not expressed in the clear and apt language customarily used in rendering judgment upon debt. And some question

might arise as to whether the judgment in this regard was even sufficient upon which to base an execution.''

The judgment of the trial court canceled a mortgage and the parties claimed that the lien created by the mortgage was merged in the judgment. This court decided that since the mortgage was canceled the only lien existing was the judgment lien. We do not think that those cases control the question now before us. The statute governing mechanics' liens gives to mechanics and others a lien upon the property improved by virtue of the contract with the owner of the land upon which the improvements were made. [Sec. 3546, R. S. Mo. 1939.] Those liens may be perfected and perpetuated by taking the necessary legal steps prescribed by the subsequent sections of the statute, particularly Sections 3551 and 3562, R. S. Mo. 1939. It is clear that the general statute, Sec. 1270, R. S. Mo. 1939, does not apply, because mechanics' liens are governed by a special law applicable to those liens. A decree of a court of equity entered pursuant to Section 3570, R. S. Mo. 1939, merely establishes liens created by the statute in favor of those whose labor and material have added an improvement to the lot or land charged with the liens. Certainly the life of those liens does not depend upon Section 1270, supra. Nor does that section in any way limit the provisions of the mechanics' lien law.

In speaking of a special lien against land by a decree in equity in a suit involving a vendor's lien the Kansas City Court of Appeals in Hockaday v. Lawther, 17 Mo. App. 636, l. c. 644, said:

''To that decree no lien attached such as belongs to judgments generally by virtue of the statute, but only such lien as the decree itself fixed, established, and ordered to be enforced. . . . At any time within ten years subsequent to its rendition, an execution could have been issued upon the decree. . . . After the expiration of ten years from its rendition no execution could have been so issued.''

Gill on Missouri Titles (3 Ed.), sec. 1421, page 636, treating this subject, tersely states:

''Special judgments do not expire in three years, 107 Mo. 394, 114 Mo. 493 (general tax judgments), 70 Kan. 43 (mechanics' lien), 35 Ohio St. 430 (foreclosure of mortgage), 27 Cyc. 430, 443, 23 Cyc. 394.

''But do expire in ten years, 175 Mo. 63, 12 S. W. (2d) 438, 27 S. W. (2d) 711, . . .''

An examination of those cases revealed that they support the statements made. For example, in Boyd v. Ellis, 107 Mo. 394, l. c. 401, 18 S. W. 29, l. c. 30, this court said:

''Besides this, the tax judgment is special, and constitutes a lien on no other property than that upon which the taxes were assessed. We do not see how it can be said the tax lien is merged into a judgment lien so as to expire in three years, as does a general judgment lien. The lien for unpaid taxes is more like a mortgage lien. This court

held long ago that the lien of a mortgage was not merged in a judgment obtained in a proceeding under the statute to foreclose the mortgage. [Riley's Admr. v. McCord's Admr., 21 Mo. 285.] Indeed, the very object of the tax judgment is to enforce the state's lien created by the law, and not to create a new lien.''

In like manner it may be said that in the case before us the mechanics' lien judgment did not constitute a lien on any other property except the Rosenzweig lots involved in this suit. The very object of the mechanics' lien decree, entered by the trial court, was to enforce the lien created by the mechanics' lien statute, and the decree did not create a new lien. The statement in the principal opinion to the effect that the decree created a lien is inaccurate. A decree in a mechanics' lien suit perfects and perpetuates the lien created by statute. The decree itself does not bring the lien into existence. [40 C. J. 264, sec. 327.]

After a reconsideration of the question we are constrained to adhere to the conclusions reached in the original opinion. The motion for rehearing and the motion to transfer the cause to the court en banc are hereby overruled.