ANHEUSER–BUSCH EMPLOYEES'
CREDIT UNION, Respondent,

v.

Robert L. DAVIS, et al., Appellants.

No. 77461.

Supreme Court of Missouri,
En Banc.

June 20, 1995.

Robert J. Selsor, Bruce R. Bartlett, St. Louis, for appellants.

Daniel L. Sailler, Kansas City, for respondent.

THOMAS, Judge.

This case involves an appeal from the trial court's entry of partial summary judgment in favor of Anheuser–Busch Employees' Credit Union (Credit Union). We have jurisdiction because the constitutionality of a state statute is at issue. *Mo. Const. art. V, § 3.* Affirmed.

## I.

The property at issue in this case was purchased on December 14, 1984, by Robert Davis with a loan he received from the Credit Union. The loan was secured by a deed of trust executed in tandem with a promissory note in the amount of $33,750. The deed of trust, which was recorded in the office of the

Recorder of Deeds of St. Louis County on December 17, 1984, provided that the borrower agreed to pay all taxes and assessments imposed on the property. But, Mr. Davis did not pay the taxes due on the property, and, on August 26, 1991, the property was sold to William Glascow at a tax sale by the St. Louis County Collector for nonpayment of back taxes for the years 1986, 1987, 1988, 1989, and 1990. This was the third time the property had been offered for sale. Although notice of the sale was published in a local legal newspaper and written notice was sent to Robert Davis, no written notice of the sale was ever sent to the Credit Union.

On June 24, 1993, the Credit Union filed suit in the Circuit Court of St. Louis County seeking to quiet title and requesting a judicial foreclosure on its deed of trust. Only William Glascow, who purchased the property at the tax sale, filed an answer. On July 18, 1994, the Credit Union moved for summary judgment on its quiet title claim. The Credit Union argued that the failure of the St. Louis County Collector to provide written notice of the tax sale to the Credit Union violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Because the tax sale notice statute, section 140.405, RSMo 1994, did not require that the Credit Union be given notice, the Credit Union argued that it was unconstitutional. Although its constitutional challenge to section 140.405 was not raised in the Credit Union's original petition, the trial court granted the Credit Union's motion for leave to amend the petition to include the constitutional challenge. The trial court granted the Credit Union's motion for partial summary judgment, finding that the constitutional issue was raised sufficiently early in the process and that section 140.405 was unconstitutional in failing to require notice to the Credit Union. Glascow appealed.

## II.

■ Glascow first argues that the Credit Union's constitutional claim was waived because it was not raised until the Credit Union moved for summary judgment. This claim is meritless. In *Dye v. Div. of Child Support Enforcement*, 811 S.W.2d 355, 358 (Mo. banc 1991), this Court explicitly rejected "the suggestion that a constitutional point not set out in an initial pleading cannot be added by amendment. It is the sense of our rules that amendments be liberally allowed and that the principle of relation back be freely applied." In this case, the trial court allowed the Credit Union to amend its original pleading, Glascow had the full opportunity to contest the constitutional issue at the summary judgment stage, and the trial court had the constitutional issue squarely presented and argued before granting summary judgment. The constitutional issue was not waived.

## III.

■ The Credit Union's due process argument boils down to the question of what notice must be given to a holder of a deed of trust in order for a tax sale to extinguish the holder's interest in the property. Fortunately (or unfortunately depending on your point of view), the answer is clear. The United States Supreme Court in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), and this Court in *Lohr v. Cobur Corporation*, 654 S.W.2d 883 (Mo. banc 1983), both have held that a mortgagee, whose interest in the property is publicly recorded, has a constitutionally protected property interest in real estate, and the due process clause of the Fourteenth Amendment to the United States Constitution requires the tax authority to give written notice of a tax sale to a mortgagee by "notice mailed to the mortgagee's last known available address, or by personal service." *Mennonite*, 462 U.S. at 798, 103 S.Ct. at 2711; *Lohr*, 654 S.W.2d at 886. Failure to provide such notice results in the tax sale being "insufficient to extinguish the deed of trust, which remains in full force and effect." *Lohr*, 654 S.W.2d at 886.

Glascow argues that the Credit Union should have known about the tax sale because it received notice of a scheduled 1988 tax sale of the property and knew that Davis had consistently failed to pay the taxes due on the property. These red flags, according to Glascow, would have prompted any minimally diligent financial institution to take

action immediately and stop the tax sale process from moving forward. Maybe so, but Glascow fails to note that, at best, this argument relies on constructive notice.[1] Constructive notice that the property may be sold at a tax sale is, by itself, insufficient to extinguish the Credit Union's deed of trust. On this point, the Courts have not equivocated. "Personal service or mailed notice is required even though sophisticated creditors have means at their disposal to discover whether property taxes have not been paid and whether tax-sale proceedings are therefore likely to be initiated." *Mennonite*, 462 U.S. at 799, 103 S.Ct. at 2712. The Credit Union, as a holder of a publicly recorded deed of trust, was entitled to notice mailed to its last known available address or by personal service. *See Lohr*, 654 S.W.2d at 886. Because the Credit Union received no such notice, the tax sale was insufficient to extinguish its deed of trust. The trial court's grant of partial summary judgment is affirmed.

It is not necessary, however, for this Court to hold in this quiet title action that section 140.405, the tax sale notice statute, is unconstitutional. There was simply a failure in this case to provide the notice necessary for the tax sale to extinguish the Credit Union's interest in the property.

## IV.

Affirmed.

All concur.

---

**1.** It is undisputed that the Credit Union had no actual knowledge of the time and date of the tax sale.